

Cox, Tommy Lee
2107 N Decatur Road #161
Decatur, Georgia 30033
ph. (470) 350-5768
e-mail: nooraerospace@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

Cox, Tommy Lee

               Plaintiff

vs.

Cathelene "Tina" Robinson,
Individually and in her official
capacity as Fulton County Clerk of
Superior and Magistrate Court,
and participating
John and/or Jane Doe(s) 1 through
100  Individually,
and
John and/or Jane Doe(s) 1 through
100 each in their official capacity as
Fulton County Chief Deputy Clerk,
Assistant Chief Deputy Clerk(s),
and Clerk(s) whose true name,
their office, and residential address
each are yet unknown, Robinson
and these Does clerking for and in
the employment of Georgia's Fulton
County Office of Clerk of Superior
and Magistrate Court.

               Defendants

Case No.: **1:22-CV-1998**

CIVIL RIGHTS and
DUE PROCESS COMPLAINT
(42 U.S.C. §1983, §1985, §1986)

TRIAL BY JURY DEMANDED

## I. Nature of Proceedings and the Parties in their respective Capacities

1.    Comes now Cox, Tommy Lee unschooled in law and of his own accord as a native man of Georgia and Georgia State Citizen ("Cox" and as "Plaintiff") to this honorable Court in complaint of injustices directed upon him depriving him of his civil rights to the due process and equal protection of the laws and in claim thereof for relief.

2.    In Complaint, Plaintiff alleges in claim of violations of Due Process and Equal Protection Clauses of the United States Constitution's Fourteenth Amendment and of Article I of the 1983 Constitution of the State of Georgia via this action under 42 U.S.C. § 1983 of the Federal Civil Rights Act.

3.    For these violations and in claim of violations while acting in conspiracy under color of state law, Plaintiff sues Cathelene "Tina" Robinson, Individually and in her official capacity as Fulton County Clerk of Superior and Magistrate Court ("Clerk of Court"), and those John and/or Jane Doe(s) 1 through 100 Individually and in their respective official capacities as Fulton County Superior Court Chief Deputy Clerk, Assistant Chief Deputy Clerk(s), and Clerk(s) who participated in these violations against Plaintiff ("Clerk(s)" and as "Defendant(s)") whose true name, their office, and residential address each are yet unknown.  Clerk Robinson and these Does at all relevant times

- 2 -

employed by and on the payroll of Fulton County clerking for the Office of the Fulton County Clerk of Superior and Magistrate Court ("Office of Clerk of Court" or "Clerk's Office") at 136 Pryor St SW, Atlanta, GA 30303.

## II.  Jurisdiction and Venue

4.    This action arises under 42 U.S.C. § 1983 in relation to Defendants' deprivation of Plaintiffs' constitutional rights to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1343 for claims of 42 U.S.C. §§ 1983, 1985 and 1986 violations. This Court has supplemental jurisdiction over Plaintiff's sixth, seventh and eighth claims which are based on violations of due process and equal protection clauses of the 1983 Constitution of the State of Georgia under 28 U.S.C. § 1367.  These constitutional violations occurred simultaneously to and by the same acts in deed as did the Federal violations claimed.

5.    Venue in the United States District Court for the Northern District of Georgia, Atlanta division is proper pursuant to 28 U.S.C. § 1391(b)(2) because it is the District in which substantially all of the events occurred giving rise to the claims made.

### III.  No Ancillary Claims Made or Actions Sought

6.      Cox proceeds in equity as sui juris Creditor still in pursuit of exhaustion of administrative remedy to administrative Judgment in Georgia under the Common Law and Georgia's Contract (O.C.G.A. Title 11) and Commercial (O.C.G.A. Title 13 – Codification of U.C.C. in Georgia) state laws.

7.      The Office of Fulton County Clerk of Court in concert with a Fulton County Superior Court ("Superior Court") judicial officer undertook their own customary review of the administrative Judgment ("Judgment") found for Cox before concluding their review in approval whereupon the Judgment was entered, recorded and given Superior Court docketing #2004CV93291 in lawful cognizance thereof.

8.      In Contract and by the finality of Judgment found upon recordation, Cox then secured his interests as Uniform Commercial Code ("U.C.C." / O.C.G.A. Title 13) secured party Creditor.

9.      A large body of historical documents evidence Cox's administrative process, Judgment and continuing pursuit in exhaustion of administrative remedy thereof.  Defendant Clerk of Court Cathelene "Tina" Robinson is previously well aware of Cox's Judgment, supporting documentation and his continuing pursuit in exhaustion of administrative remedy by his prior

communications and attempted interactions with the Superior Court and its Office of Clerk of Court.

10.    In Cox's Georgia matter there is no other Federal or Georgia judicial controversy at bar and Cox makes no ancillary claim, request or petition here regarding his Judgment and his continuing pursuit in exhaustion of administrative remedy.

11.    Cox strictly confines this action to Due Process and Equal Protection violation claims and the award of damages under the Fourteenth Amendment by violations of  42 U.S.C. §§ 1983, 1985 & 1986.  In pursuit of justice, Cox repeatedly approached the Superior Court and its Office of Clerk of Court in application for Writ of Fieri Facias.  Defendants repeatedly denied him access to the Superior Court and Clerk's Office rejecting his filings in turning him away thus depriving him his right to the due process and equal protection of law while they were employed in their Office and engaged in their official acts.  The subject matter or contents of Plaintiff's filings, or the reason for approaching the Superior Court and its Office of Clerk of Court in making those filings, are not the subject of civil rights violations complained of here.  It is the Defendants' deprivation of civil rights afforded the Plaintiff in his lawful pursuit of justice and their acts in deed of impairment in the

- 5 -

making of those filings and their obstruction of access to the Superior Court that are.

## IV.  Trial by Jury Demanded

12.    Trial by Jury is demanded by Cox.   Plaintiff alleges that Defendants acted in a conspiracy under color of state law and violated Plaintiff's civil rights under the Fourteenth Amendment to the Constitution of the United States and Georgia's State Constitution.  For violations of his civil rights, emotional harm and mental anguish in injury and financial damage suffered, this action seeks compensatory money damages, special money damages for financial loss and punitive money damages from the Defendants as the jury may find and the Court deems just and appropriate because they did intentionally, willfully and knowingly with aforethought act in deed in unlawful conduct under color of state law in furtherance of their conspiracy.

## V.  Facts and Related Circumstances Relevant to this Action

13.    Coronavirus disease 2019 (COVID-19) is defined as illness caused by a novel coronavirus called severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2; formerly called 2019-nCoV), which was first identified amid a late 2019 outbreak of respiratory illness cases in Wuhan City, Hubei Province, China.

14.    In January 2020, the United States Center for Disease Control National Center for Immunization and Respiratory Diseases (NCIRD) activates a Center Level Response for novel pneumonia of unknown etiology. It then establishes a 2019-nCoV Incident Management Structure to guide the response. It follows previously established MERS-CoV preparedness plans for developing tests and managing cases.

15.    In a March 13, 2020 statement, President Donald Trump said

"I have determined that the ongoing Coronavirus Disease 2019 (COVID-19) pandemic is of sufficient severity and magnitude to warrant an emergency determination under section 501 (b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. 5121-5207 (the "Stafford Act"). Further within the President's statement he said, "In order to meet the challenges caused by this emergency pandemic, I have encouraged all State and local governments to activate their Emergency Operations Centers and to review their emergency preparedness plans."
https://www.whitehouse.gov/presidential-actions/proclamation-
declaringnational-emergency-concerning-novel-coronavirus-
disease-covid-19-outbreak/.

16.    Following up on President's Trump's initiative a day later,  the Hon. Georgia Governor Brian Kemp issued Executive Order by the  Governor  Declaring a Public Health State of Emergency (http://gov.georgia.gov/document/ 2020-proclamation/convening-general-assembly-georgia-special-session/download) and the Hon. Harold D. Melton, Chief Justice of the Supreme Court of Georgia Court declared a State Wide Judicial Emergency in the State of Georgia. (https://www.gasupreme.us/wp-content/uploads/2020/03/CJ-Melton-amended-

- 7 -

Statewide-Jud-Emergency-order.pdf) Thereafter and thereunder a steady stream of declarations and orders from the State's Executive and Judicial branches limited the interaction of State inhabitants with one another and with organs of the State. Access to the States Court system was curtailed, suspended or delayed with some Court interaction done only through video conferencing rather than in person. In Fulton County, the spread of the coronavirus "...has prompted the Clerk of Courts to strongly encourage all Fulton County citizens and customers to avoid visiting the office unless their needs are dire and to utilize as many of the office's online services as possible," (Ben Brasch, *Coronavirus causing 'drastic employee shortage' in Fulton courts,* The Atlanta Journal-Constitution, March 17, 2020). Further reported was the suspension of hearings and other Court activities in Fulton County.

17.    The District Courts of the United States including this Northern District Court of Georgia has similarly published Orders regarding its activities in the conduct of its affairs and interactions with others including restricting access and use of its facilities.

18.    Public Health Safety officials warned some groups with pre-existing health conditions or those more advanced in years that they were at higher risk to catching COVID-19 than were normally healthy middle aged individuals.

- 8 -

19.    The Plaintiff is a member of such a higher risk group. Plaintiff has been required to and does limit his interactions with the public under these circumstances.

20.    Every year Fulton County is required to report its audited financial statements and describe its operating activities in detail per § 36-81-7 of The Official Code of Georgia Annotated ("O.C.G.A.").    Plaintiff now references this annual report (Prepared pursuant to authority granted by the Board of Commissioners of Fulton County, Georgia FULTON COUNTY, GEORGIA COMPREHENSIVE ANNUAL FINANCIAL REPORT  Fiscal Year Ended December 31, 2020 (*Annual Financial Reports*, Fulton County https://www.fultoncountyga.gov/-/media/Departments/Finance/CAFR/FULTON-COUNTY-CAFR-2020.ashx).    Fulton County was created by Legislative Act of Georgia's General Assembly in 1853 (*ibid*, 32).  "The Georgia State Legislature created the Board of County Commissioners in 1880 and in 1973 and 1974 amended the Board to its current seven members.  The Board constitutes the governing authority for the County (Ga. Law 1880, page 500)" (*ibid*, viii). "The County provides a strategic range of services to these citizens including a comprehensive court system, ..." (*ibid,* 11).  Within this report is found Fulton County's Organizational Chart listing its Justice Agencies including its "Superior Clerk of Court" (*ibid*, vi).    Fulton County employs approximately

- 9 -

4,600 individuals (*ibid*, 137) of which approximately 200 are employed in the Office of Clerk of Court (*Meet Clerk Robinson*, Fulton County Clerk of Superior and Magistrate Court, https://www.fultonclerk.org/338/Meet-Clerk-Robinson).

21.    On information and belief at all relevant times concerning this action, Defendants were employed by and on the payroll of Fulton County in Office as Clerk in the Office of Clerk of Court.

22.    Defendant Cathelene "Tina" Robinson is a Fulton County elected officer in Office as Fulton County Clerk of Court.   As such and upon information and belief, she is required per O.C.G.A. § 45-3-12 Loyalty oath -- Elected officers to give and has given her sworn loyalty oath under O.C.G.A. § 45-3-11.

23.    Upon information and belief, each Defendant is required to give and has given their sworn loyalty oath per O.C.G.A. § 45-3-11 Loyalty oath -- Persons required to take oath generally (their "Oath of Office").  In relevant part, the oath voluntarily given by each Defendant avows they "... will support the Constitution of the United States and the Constitution of Georgia".

24.    Plaintiff Cox is a native man of Georgia and Georgia State Citizen.

25.    Cox is Creditor to recorded Judgment (#2004CV93291) and Secured Party Creditor to Judgment in Georgia.

26.    This man in black pursued remedy to his Breach of Contract

Judgment as the law plainly allows him to do per 42 U.S. Code § 1981:

(a) Statement of equal rights.

> All persons within the jurisdiction of the United States shall
> have the same right in every State and Territory to make and
> enforce contracts, to sue, be parties, give evidence, and to the
> full and equal benefit of all laws and proceedings for the
> security of persons and property as is enjoyed by white citizens,
> and shall be subject to like punishment, pains, penalties, taxes,
> licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

> For purposes of this section, the term "make and enforce
> contracts" includes the making, performance, modification, and
> termination of contracts, and the enjoyment of all benefits,
> privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

> The rights protected by this section are protected
> against impairment by nongovernmental discrimination
> and impairment under color of State law.
>
> 42 U.S. Code § 1981 - Equal rights under the law.

27.    Three alternatives ordinarily exist for collection upon an

Administrative Judgment.  The first, where the Debtor has not made payment

as stipulated in Judgment or by the Creditor,  is to make a further demand in

request for payment.  Creditor Cox made repeated peaceful requests of the

Debtor to meet, discuss, and agree on a settlement solution to Judgment found

all to no avail by the unresponsiveness of the Debtor. By their silence Debtors

have demonstrated complete rebuke of the first alternative.   The second alternative is a strict Uniform Commercial Code foreclosure on the assets of a debtor.   To secure Judgment sought by Cox, his foreclosure is to be directed on the  business assets (reference in documents as the "Business-type Activity" - "Enterprise Funds") of his Debtor.   Such foreclosures require there be no Breach of the Peace by participants and attendants during the process.   Cox has avowed his intent to keep the peace in written communications to the Debtor. Creditor Cox has determined he cannot now rely on the Debtor or anyone in association with the Debtor to act or settle peacefully under foreclosure proceedings according to the U.C.C.  So, reserving all of his rights and liberties to conduct a foreclosure in the future and in his keeping of the peace, for his third alternative Judgment Creditor Cox chose to approach the Superior Court and its Office of Clerk of Court in application for issuance of the common law Writ of Fieri Facias ("FiFa") by right of 42 U.S. Code § 1981. Cox's initial application included a proposed and unsigned Writ of Fieri Facias, the Affidavit of Cox, Tommy Lee avowing to actions taken and to that stated in proposed FiFa, additional supporting documentation and later, a Petition for Judicial Review seeking clarifying declarations from the Superior Court regarding his Judgment (the "filings").   Execution of a Writ of Fieri Facias is carried out by the Sheriff in a peaceful and orderly manner.   The declared Judgment already having been recorded and docketed in the Fulton County

- 12  -

Court's records, the ministerial act in official duty sought by Judgment Creditor Cox of the Superior Court and its Clerk's Office was in equity. He simply pursued issuance of a Writ of Fieri Facias and its execution in collection of Judgment as these Writs are customarily issued and carried out. The act of issuance was simple, absolute and definite, was under conditions proven to exist, was upon Judgment found and ratified by a judicial officer of the Superior Court and its Clerk's Office merely requiring the execution of this specific duty by public servants of Fulton County.

28.    In the pandemic environment set forth above, interactions with the Office of Clerk of Court were restricted and appeared affected by its drastic employee shortage. Plaintiff Cox attempted to pursue his Judgment collection activities. Cox first tried using the mails repeatedly in application and filing for Writ of Fieri Facias. All such mailings were unproductive and returned after many, many weeks. Plaintiff then made filing attempts by personal visits to the Clerk of Court windows when they once again provided walk-in service.

29.    On March 31, 2021 Plaintiff approached the Office of Clerk of Court to make his filings. The acts in deed of Defendants have been witnessed (Exhibit A).

30.    On June 23, 2021 Plaintiff approached the Office of Clerk of Court to once again make his filings.   The acts in deed of Defendants have been witnessed (Exhibit B).

31.    At Trial, Plaintiff intends on introducing into evidence numerous 2021 certified mailings of his letters and documents to the Office of Clerk of Court and Superior Court administrative Officers in substantiation of Plaintiff's peaceful attempts to make his filings, clear up any administrative issue if there was one, and to gain access to the Court; all to no avail.

## VI.  First Statement of Claim upon which relief may be granted

### Violations of 42 U.S.C. § 1983 - Civil action for deprivation of rights.

32.    Plaintiff incorporates herein by reference each and every paragraph and allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

33.    The relationship between the Fourteenth Amendment and 42 U.S.C. § 1983 is provided in relevant applicable parts needing statement here by the majority opinion of Justice White in *Lugar v. Edmondson Oil Co.*, 457 US 922 (1982) which succinctly states:

> The Fourteenth Amendment of the Constitution and 42 U. S. C. § 1983 in applicable and relevant part provide:

> "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

> Because the Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as "state action."

> Title 42 U. S. C. § 1983 provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ." [1]

_____

[1] Title 42 U. S. C. § 1983, at the time in question, provided in full:   "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or

- 15 -

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

This case concerns the relationship between the Fourteenth Amendment requirement of state action and the § 1983 requirement of action under color of state law in claim of any deprivation of rights.

Similarly, it is clear that in a § 1983 action brought against a state official, the statutory requirement of action "under color of state law" and the "state action" requirement of the Fourteenth Amendment are identical. The Court's conclusion in *United States v. Classic,* 313 U. S. 299, 326 (1941), that "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken `under color of' state law," was founded on the rule announced in *Ex parte Virginia,* 100 U. S. 339, 346-347 (1880), that the actions of a state officer who exceeds the limits of his authority constitute state action for purposes of the Fourteenth Amendment.[13]

---

[13] *United States* v. *Classic* did not involve § 1983 directly: rather, it interpreted 18 U. S. C. § 242 (then 18 U. S. C. § 52 (1940 ed.)), which is the criminal counterpart of 42 U. S. C. § 1983. See n. 9, *supra,* on the relationship between 18 U. S. C. § 242 and 42 U. S. C. § 1983.

*Lugar v. Edmondson Oil Co.,* 457 US 922 (1982)

34.    Further in establishing what constitutes "acting under color of state law" and "state action", in *West v. Atkins,* 487 US 42 (1988) is stated:

The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." United States v. Classic, 313 U. S. 299, 326 (1941). Accord, Monroe v. Pape, 365 U. S. 167, 187 (1961) (adopting Classic standard for purposes of § 1983) (overruled in part on other grounds, Monell v. New York City Dept. of Social Services, 436 U. S. 658, 695-701 (1978)); Polk County v. Dodson, 454 U. S. 312, 317-318 (1981); id.,

- 16 -

at 329 (dissenting opinion). In Lugar v. Edmondson Oil Co., supra, the Court made clear that if a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, "that conduct [is] also action under color of state law and will support a suit under § 1983." Id., at 935. Accord, Rendell-Baker v. Kohn, 457 U. S. 830, 838 (1982); United States v. Price, 383 U. S., at 794, n. 7. In such circumstances, the defendant's alleged infringement of the plaintiff's federal rights is "fairly attributable to the State." Lugar, 457 U. S., at 937.

To constitute state action, "the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible," and "the party charged with the deprivation must be a person who may fairly be said to be a state actor." Ibid. "[S]tate employment is generally sufficient to render the defendant a state actor." Id., at 936, n. 18; see id., at 937. It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. See Monroe v. Pape, 365 U. S., at 172. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. See, e. g., Parratt v. Taylor, 451 U. S., at 535-536; Adickes v. S. H. Kress & Co., 398 U. S. 144, 152 (1970). See also Flagg Bros., Inc. v. Brooks, 436 U. S., at 157, n. 5.

*West v. Atkins,* 487 US 42 (1988)

35.    Plaintiff repeatedly approached the Fulton County Superior Court and its Office of Clerk of Court for the filing in application for Writ of Fieri Facias.    Defendants repeatedly rejected his filings turning him away in deprivation of his civil rights.

36.    The acts in deed of Defendants have been witnessed (Exhibits A & B).  At Trial, Plaintiff intends to call affiants as witnesses to what they saw and heard.

37.    These affiant witnesses mention that there appeared to be a hierarchical system of control already in place governing their encounters with Cox whose name the Clerk seemed to recognize. Upon presentment of Plaintiff's filings, the Clerk took a quick look at the documents then left the window with Plaintiff's filings in hand to collaborate with their superior. Returning to the window, they confirmed they were told not to accept Plaintiff's filings returning them in rejection (Exhibit A).

38.    On information and belief Plaintiff claims Clerk Robinson and participating supervisory Clerks had knowledge of, planned, approved, were personally involved in, and directed subordinate Clerks in the violations claimed in this § 1983 action.  Further,

39.    For these and each claim made in this Complaint, Plaintiff claims Defendants intentionally acted in deed in violation of 42 U.S.C. § 1983 individually and in their official capacity of Clerk exercising power possessed by virtue of state law and made possible only because the Defendants were clothed with the authority of state law while on the payroll and employed by Fulton County.  Defendants acting under color of law abridged the privileges of the Plaintiff by their impairment of Plaintiff in the making of his filings with and by their obstruction to the Superior Court and Clerk's Office thereby depriving Plaintiff of his civil rights to the due process of law and the equal protection of the laws guaranteed to him in Article 1 of the Fourteenth Amendment and laws thereunder.

40.    In aggravation of this violation, Defendants acted with malicious disregard to their solemn Oath of Office to support the Constitution of the United States and which by so doing, they violated as well.

41.    Plaintiff seeks relief in redress of this claim as compensation for Defendants' acts in violation of law.

## VII.  Second Statement of Claim upon which relief may be granted

## Violations of 42 U.S.C. § 1985 - Conspiracy to interfere with civil rights (2) Obstructing justice

42.     Plaintiff incorporates herein by reference each and every paragraph and allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

43.     42 U.S.C. § 1985 - Conspiracy to interfere with civil rights, Paragraph (2) Obstructing justice setting forth what constitutes the obstruction of justice in relevant part states:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, ...; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws; ... (3) ...in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

44.     While he was in pursuit of the due course of justice for enforcement of Judgment, Plaintiff was obstructed by Defendants acting in

- 20 -

conspiracy blatantly violating law perfectly and concisely described by 42 U.S.C. § 1985 (2) in what ought not to happen, but did.

45.    The acts in deed of Defendants have been witnessed (Exhibits A & B).  At Trial, Plaintiff intends to call affiants as witnesses to what they saw and heard.

46.    These affiant witnesses mention that there appeared to be a hierarchical system of control already in place governing their encounters with Cox whose name the Clerk seemed to recognize. Upon presentment of Plaintiff's filings, the Clerk took a quick look at the documents then left the window with Plaintiff's filings in hand to collaborate with their superior. Returning to the window, they confirmed they were told not to accept Plaintiff's filings returning them in rejection (Exhibit A).

47.    Plaintiff claims Defendants repeatedly and intentionally acted in deed in conspiracy in violation of 42 U.S.C. § 1985 (2) individually and officially under color of state law as Clerks while on the payroll and employed by Fulton County in the Office of Clerk of Court to abridge the privileges of the Plaintiff in deprivation of his civil rights to the due process of law and the equal protection of the laws guaranteed to him in Article 1 of the Fourteenth Amendment of the United States Constitution and laws thereunder. Defendants did conspire for the purpose of impeding, hindering, obstructing, or

defeating the due course of justice in Georgia in the manner they made manifest by impairment of Plaintiff in the making of his filings with the Superior Court and Clerk's Office. Defendants did deny Plaintiff the equal protection of the laws and did injure him for lawfully attempting to enforce his right as Creditor to Judgment; not just once but repeatedly on at least two separate occasions according to affiant witnesses (Exhibits A & B). Plaintiff brings this action for the recovery of damages occasioned by such injury or deprivation.

48.    In aggravation of this violation, Defendants acted with malicious disregard to their solemn Oath of Office to support the Constitution of the United States and which by so doing, they violated as well.

49.    Plaintiff seeks relief in redress of this claim as compensation for Defendants' acts in violation of law.

## VIII.    Third Statement of Claim upon which relief may be granted

### Violations of 42 U.S.C. § 1985 (3) - Conspiracy to interfere with civil rights (3) Depriving persons of rights or privileges

50.    Plaintiff incorporates herein by reference each and every paragraph and allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

51.    42 U.S.C. § 1985 (3) Depriving persons of rights or privileges setting forth what constitutes the deprivation of rights or privileges in relevant part states:

> If two or more persons in any State or Territory conspire ..., for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; ... in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

52.    Defendants acting in conspiracy to deprive Plaintiff while he was in the due course of justice by impairment of his rights and privileges, blatantly demonstrated their violations of law concisely described by 42 U.S.C. § 1985 (3) for what ought not to happen, but did.

53.    The acts in deed of Defendants have been witnessed (Exhibits A & B).  At Trial, Plaintiff intends to call affiants as witnesses to what they saw and heard.

54.    These affiant witnesses mention that there appeared to be a hierarchical system of control already in place governing their encounters with

Cox whose name the Clerk seemed to recognize. Upon presentment of Plaintiff's filings, the Clerk took a quick look at the documents then left the window with Plaintiff's filings in hand to collaborate with their superior. Returning to the window, they confirmed they were told not to accept Plaintiff's filings returning them in rejection (Exhibit A).

55.    Plaintiff claims Defendants intentionally and repeatedly acted in deed in conspiracy in violations of 42 U.S.C. § 1985 (3) individually and officially under color of state law as Clerks while on the payroll and employed by Fulton County in the Office of Clerk of Court impairing Plaintiff in the exercise of his rights or privileges while in the pursuit of justice. Further, Plaintiff brings this action against Defendants for the recovery of damages occasioned by such injury or deprivation.

56.    In aggravation of this violation, Defendants acted with malicious disregard to their solemn Oath of Office to support the Constitution of the United States and which by so doing, they violated as well.

57.    Plaintiff seeks relief in redress of this claim as compensation for Defendants' acts in violation of law.

## IX.  Fourth Statement of Claim upon which relief may be granted

### Violations of 42 U.S.C. §§ 1983 & 1985.

58.    Plaintiff incorporates herein by reference each and every paragraph and allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

59.    Plaintiff claims Defendants acted in deed in an egregious manner in violations of 42 U.S.C. §§ 1983 & 1985 depriving Cox of civil rights and privileges to the due process and equal protection of law by treating Cox singularly as a "Class of One".

> The equal protection clause does not speak of classes. A class, moreover, can consist of a single member.
>
> *Indiana State Teachers Ass'n v. Board of Sch. Comm'rs*,
> 101 F.3d 1179, 1181 (7th Cir. 1996)

60.     The precedent setting opinion in *Vill. of Willowbrook v. Olech*, 528 U.S. 1073 (2000) governs.     Therein, Grace Olech asked the Village of Willowbrook to connect to municipal water supply.     The Village conditioned the connection on granting of a 33-foot easement.     Olech refused, claiming that the Village only required a 15-foot easement from others.     Olech sued without explicitly alleging membership in a class or group claiming that the Village's demand violated her equal protection rights.     The holding of the Court (Per Curiam):

> The Equal Protection Clause gives rise to a cause of action on behalf of a "class of one" where the plaintiff does not allege membership in a class or group, but alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for such treatment. See, *e. g., Sioux City Bridge Co.* v. *Dakota County,* 260 U. S. 441.
>
> *Vill. of Willowbrook v. Olech*, 528 U.S. 1073 (2000)

61.     Cox is Creditor to Judgment in the State of Georgia.     Cox shares this standing with all other comparator Creditors to Judgment in the State of Georgia.

62.   Cox is Secured Party Creditor to Judgment in the State of Georgia. Cox shares this standing with all other comparator Secured Party Creditors to Judgment in the State of Georgia.

63.   Judgment in hand, Cox approached the Office of Clerk of Court seeking Writ of Fieri Facias and its execution in enforcement and collection of Judgment.   Cox shares this standing with all other comparator Judgment holders seeking Writ of Fieri Facias and its execution in enforcement and collection of Judgment in the State of Georgia.

64.   Cox is similarly situated to these Comparators who, while in pursuit of the due course of justice, are impartially afforded and given the equal protection and due process of law; particularly all that is embraced and governed under a Writ of Fieri Facias and its execution. ""Similarly situated" means a comparator who is similar in all relevant and material respects", *McDonald v. Village of Winnetka*, 371 F.3d 992 (7th Cir. 2004), or an extremely high degree of similarity between plaintiff and comparator, *Clubside, Inc. v. Valentin*, 468 F.3d 144 (2nd Dist. 2006).

65.   Plaintiff's standing established, further particularity in name at this point is not required.

> Even in a case where a plaintiff would need to identify a similarly situated person to prove his case, like the McDonald case cited by the district court on this point, we see no basis for requiring the plaintiff to identify the person in the complaint. McDonald was decided on summary judgment, not on the pleadings. See 371 F.3d at 994. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Even the more demanding pleading requirements under Iqbal and Twombly do not require a plaintiff to identify specific comparators in a complaint.

*Geinosky v. City of Chi.*, 675 F.3d 743, 748 n.3 (7th Cir. 2012)

66.     The acts in deed of Defendants have been witnessed (Exhibits A & B).  At Trial, Plaintiff intends to call affiants as witnesses to what they saw and heard.

67.     On information and belief and in claim, Defendants singled out Plaintiff by name before he approached the clerk's window to make his filings. Defendants did so with aforethought in conspiracy.  Witnesses' statements indicate the window clerk appeared to recognize the filing party's name upon seeing it in writing when first presented to them, knew they were ordered not to accept Plaintiff's filings and when challenged, exhibited a hierarchical system of control already in place governing their encounters with Cox.  They left the window with Plaintiff's filings in hand to collaborate with their superior and upon return to the window, confirmed they were told not to accept Plaintiff's filings returning them in rejection (Exhibit A).

68.    On information and belief Defendants' intent was clearly made manifest by their will in purposefully demonstrated illegitimate animus toward Plaintiff by the impairment of his acts in making his filing. Defendants demonstrated this upon Plaintiff's first visit to the Clerk's Office window and then, in ratification of their predisposition harboring illegitimate animus toward Plaintiff, demonstrated it again upon Plaintiff's second window visit.

69.    Illegitimate animus in a vindictive manner was poignantly demonstrated by the window Clerk on this second visit when the Clerk purposely directed Cox to proceed to the Fulton County Magistrate Court clerk window downstairs for filing (Exhibit B).  Via the Office of the Clerk of Court's own website, FiFas of less than $15,000 may be obtained from the Magistrate Court for garnishment and small claims actions (*Writs of Fieri Facias (FiFa)*, Fulton County Magistrate Court, https://www.magistratefulton.org/197/Writs-of-Fieri-Facias-FiFa).  "No jury trials are held in Magistrate Court and our jurisdictional limit is $15,000.00 in civil cases" (*Magistrate Court Civil*, Fulton County Magistrate Court, https://www.fultonclerk.org/355/Magistrate-Court-Civil).  In all other cases, a FiFa may be obtained from the Superior Court (*Writ of Fieri Facias FiFa*, Clerk of Superior and Magistrate Court, https://www.fultonclerk.org/369/Writ-

of-Fieri-Facias-FiFa) whereupon issuance "A Writ of Fi Fa is recorded upon the general execution docket, which is maintained by the Clerk of Superior Court of Fulton County" (*Writs of Fieri Facias (FiFa),* Fulton County Magistrate Court, https://www.magistratefulton.org/197/Writs-of-Fieri-Facias-FiFa). His Judgment in excess of $15,000.00, Plaintiff repeatedly made application for Writ of Fieri Facias in the right place at the Office of Clerk of Superior Court on whose records is recorded his Judgment.

70. On information and belief, Plaintiff believes Defendants have repeatedly examined Plaintiff's filings, and more particularly his proposed Writ of Fieri Facias, when first mailed in and then behind the scenes upon window visits. They have known all of that reasoned, set forth and relied upon in Plaintiff's filings for his Writ of Fieri Facias and could not allow him to proceed for whatever bitter envy they harboured. In Defendants' demonstrated manner they cited no government policy or exhibited no rational basis for their acts of discrimination directed at Plaintiff ... especially in directing Plaintiff to the Magistrate Court's clerk window. Defendants deliberately sought to deprive Plaintiff of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the Defendant's position.

- 31 -

71.   Further in this regard, the record upon submission of evidence at Trial will show Plaintiff made repeated peaceful attempts by his letters and requests to work with the Clerk's Office in resolving any administrative issue which may have hindered the process of making his filings; all to no avail. He received no answer or reply to administrative questions asked and no reason given for Defendant acts taken or not.

> Repeating what we said in our opinion in Olech, and Justice Breyer in his concurring opinion in the Supreme Court, 120 S.Ct. at 1075, we gloss "no rational basis" in the unusual setting of "class of one" equal protection cases to mean that to make out a prima facie case the plaintiff must present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position. We described the class of equal protection cases illustrated by Olech as "vindictive action" cases and said that they require "proof that the cause of the differential treatment of which the plaintiff complains was a totally illegitimate animus toward the plaintiff by the defendant." 160 F.3d at 388.
>
> *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir. 2000)

> "A plaintiff suing on equal protection grounds under a "class of one" theory must show that a rational person could not view his circumstances as different from a comparator's "to a degree that would justify the differential treatment on the basis of a legitimate government policy,""
>
> *Golodner v. City of New London*, No. 10-3964-cv, 4 (2d Cir. 2011)

72.   Plaintiff claims, and prays the Jury will find upon the preponderance of evidence and testimony given, that there was no rational

basis under any legitimate government policy for the manner in which Defendants acted, that they acted with animus, in an egregious and vindictive manner and that Defendants actions were of a personal nature unrelated to the duties of the Defendants' position.  Defendants acted in an agreed upon predisposition and goal of impairment of Plaintiff in the making of his filings.

> "the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake."
> *Clubside, Inc. v. Valentin,* 468 F.3d 144, 159 (2d Cir. 2006).

> The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.
> *Vill. of Willowbrook v. Olech,* 528 U.S. 1073 (2000), 120 S. Ct. 1073, 1074-75 (2000) (per curiam) (quoting Sioux City Bridge Co. v. Dakota County, 260 U.S. 441,445 (1923)).

73.    Plaintiff claims Defendants acted in deed in an egregious manner depriving Cox of civil rights and privileges to equal protection and did further treat Cox singularly as a "Class of One"  by their intentional and arbitrary discrimination in vindictive state action directed specifically against him which was irrational and different from others similarly situated.

74.    In aggravation of this violation, Defendants acted with malicious disregard to their solemn Oath of Office to support the Constitution of the United States and which by so doing, they violated as well.

75.    Plaintiff seeks relief in redress of this claim as compensation for Defendants' acts in violation of law.

## X.  Fifth Statement of Claim upon which relief may be granted

### Violations of 42 U.S.C. § 1986 - Action for neglect to prevent

76.    Plaintiff incorporates herein by reference each and every paragraph and allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

77.    42 U.S.C. § 1986 in relevant part states:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action;

78.    As stated on employment related Fulton County Clerk of Court websites applicants for many of the positions offered and of any Clerk must meet specific 'Knowledge. Skills, or Abilities' requirements and go through an

- 34 -

application review process of their qualifications before being accepted and employed in the Clerk's Office (*Fulton County Government Careers,* Fulton County, https://www.governmentjobs.com/careers/fulton?keywords=court&page=1). On information and belief, it is reasonable to presume Clerks are then further trained in procedures, protocol and the public face they are to present to their constituency.

79.    Plaintiff claims Defendants acted repeatedly with deliberate indifference to 42 U.S.C. § 1986. Having the requisite actual, constructive and working knowledge of the duties and obligations of a Clerk in the Office of Clerk of Court, Plaintiff joins Defendants in this action in claim for damages suffered and because they failed in their duty of Office having power to prevent or aid in preventing the commission of the wrongs conspired to be done, and mentioned in section 1985, as required of them under 42 U.S.C. § 1986.

———————

80.    Plaintiff claims simultaneous further violations of civil rights afforded him in Georgia's Bill of Rights enumerated in three paragraphs of Article I of the 1983 Constitution of the State of Georgia, to wit:

## XI.  Sixth Statement of Claim upon which relief may be granted

**Violation of Article I, Section I Paragraph XII of the
1983 Constitution of the State of Georgia - Right to the Courts.**

81.    Plaintiff incorporates herein by reference each and every paragraph and allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

82.    Article I, Section I Paragraph XII of the 1983 Constitution of the State of Georgia states:

> Right to the courts.  No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state.
>
> Ga. Const. art. I, § I, para. XII.

83.    In exercise of his vested prerogative to personally prosecute his own cause in any of Georgia's Courts, Cox repeatedly approached the Fulton County Superior Court and its Office of Clerk of Court for the filing in application for Writ of Fieri Facias.

84.    Defendants repeatedly rejected his filings turning him away in deprivation of his civil rights.

85.    The acts in deed of Defendants have been witnessed (Exhibits A & B).  At Trial, Plaintiff intends to call affiants as witnesses to what they saw and heard.

- 36 -

86.     Affiants who witnessed interactions with Clerks at the Clerk of Court windows where filings are routinely accepted mention the attending clerk referenced some form of Order they relied upon in turning Cox away. When asked for a copy, the Clerk could not produce the referenced document (Exhibit A).

87.     Plaintiff is unaware of any Order of the Fulton County Superior Court directed at the Office of Clerk of Court and its Clerks to deny Cox this Constitutional guarantee of access to the Court.  It is unfathomable a Fulton County Judge would issue such an Order in violation of the Constitutions he swore to support and of his own Oath of Office.  It is even more unfathomable the Fulton County Superior Court would sanction and support such actions. Any such or similar 'Order' restricting a person's access to the court to prosecute his own action would be Void ab initio by this Constitutional mandate.  Plaintiff reserves his right to amend this § 1983 Complaint to include other individuals professing authority to supersede this Constitutional authority vested Plaintiff.

88.     By their acts in deed in this deprivation of Plaintiff's right to the courts, Cox is left to conclude on information and belief in substantiation of this claim that Defendants made their own judicial interpretations of law in opinion for themselves or perhaps on behalf of others in their unlicensed

practice of law.  Georgia's legislation defines the practice of law in relevant part as  "Any action taken for others in any matter connected with the law." O.C.G.A. § 15-19-50 (6).  Plaintiff is unaware of Defendant Cathelene "Tina" Robinson having the requisite license to practice law in the State of Georgia nor has Plaintiff received such notice of standing to practice law from any Clerk acting on behalf of the Fulton County Office of Clerk of Court or the Fulton County Superior Court.

89.    In the performance of their duty of Office, Defendants were required by this Constitutional directive to provide Cox access to the Fulton County Superior Court and its Office of Clerk of Court in accepting his filings so that he could prosecute his own cause.  It was up to the Superior Court to express its opinion regarding any of the filings Cox wished to submit.

90.    Defendants supplanted their opinion in authority over this Constitutional guarantee.    Plaintiff claims Defendants plainly violated Georgia's Constitution Right to the courts by their acts in obstruction and impairment of Plaintiff's Access to the courts demonstrated by Defendants' rejection of Plaintiff's attempted filings in deprivation of this right.

91.    In aggravation of this violation, Defendants acted with malicious disregard to their solemn Oath of Office to support the Constitution of Georgia and which by so doing, they violated as well.

92.    Plaintiff seeks relief in redress of this claim as compensation for Defendants' acts in violation of law.

## XII.  Seventh Statement of Claim upon which relief may be granted

### Violation of Article I, Section I Paragraph I of the 1983 Constitution of the State of Georgia - Life, liberty, and property.

93.    Plaintiff incorporates herein by reference each and every paragraph and allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

94.    Article I, Section I Paragraph I of the 1983 Constitution of the State of Georgia states:

> Life, liberty, and property. No person shall be deprived of life, liberty, or property except by due process of law.
> Ga. Const. art. I, § I, para. I.

95.    Cox repeatedly approached the Fulton County Superior Court and its Clerk of Court for the filing in application for Writ of Fieri Facias. Defendants repeatedly rejected Plaintiff's filings turning him away in deprivation of his civil rights citing no governmental policy or giving no rational basis for their acts of impairment of Plaintiff's filing efforts.

96.    The acts in deed of Defendants have been witnessed (Exhibits A & B). At Trial, Plaintiff intends to call affiants as witnesses to what they saw and heard.

97.    While in pursuit of the due course of justice, Plaintiff claims Defendants deprived him to the due process of law by their acts of impairment of his filing efforts and in obstruction of his access to the Superior Court depriving him of his liberties and property in Judgment guaranteed him by this Constitutional mandate.

98.    In aggravation of this violation, Defendants acted with malicious disregard to their solemn Oath of Office to support the Constitution of Georgia and which by so doing, they violated as well.

99.    Plaintiff seeks relief in redress of this claim as compensation for Defendants' acts in violation of law.

## XIII.  Eighth Statement of Claim upon which relief may be granted

### Violation of Article I, Section I Paragraph II of the 1983 Constitution of the State of Georgia - Protection to person and property; equal protection.

100. Plaintiff incorporates herein by reference each and every paragraph and allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

101. Article I, Section I Paragraph II of the 1983 Constitution of the State of Georgia states:

> Protection to person and property; equal protection. Protection to person and property is the paramount duty of government and shall be impartial and complete. No person shall be denied the equal protection of the laws.
>
> Ga. Const. art. I, § I, para. II.

102. Cox is Creditor to Judgment in the State of Georgia.  Cox shares this standing with all other comparator Creditors to Judgment in the State of Georgia.

103. Cox is Secured Party Creditor to Judgment in the State of Georgia. Cox shares this standing with all other comparator Secured Party Creditors to Judgment in the State of Georgia.

- 41 -

104.  Judgment in hand, Cox approached the Office of Clerk of Court seeking Writ of Fieri Facias and its execution in enforcement and collection of Judgment.   Cox shares this standing with all other comparator Judgment holders seeking Writ of Fieri Facias and its execution in enforcement and collection of Judgment in the State of Georgia.

105.  Cox is similarly situated to these comparators who, while in pursuit of the due course of justice, are impartially afforded and receive the equal protection and due process of law as provided for in Georgia's Constitution.        As part of this group and particularly when in pursuit of that lawfully due them, Georgia's Constitution and its Statues, Regulations and Codes thereunder safeguard the rights of Creditors against abuses by other people individually, officially and by the Government itself thru this highest guarantee to the equal protection of the laws.

106.  Cox repeatedly approached the Fulton County Superior Court and its Clerk of Court for the filing in application for Writ of Fieri Facias. Defendants repeatedly rejected Plaintiff's filings turning him away in deprivation of his civil rights.

107.  The acts in deed of Defendants have been witnessed (Exhibits A & B).  At Trial, Plaintiff intends to call affiants as witnesses to what they saw and heard.

108.  While in pursuit of execution and collection of his Judgment, Plaintiff claims Defendants deprived him of this right to the equal protection of the laws guaranteed him in Georgia's Constitution by their acts of impairment of his filing efforts and in obstruction of his access to the Superior Court.

109.  In aggravation of this violation, Defendants acted with malicious disregard to their solemn Oath of Office to support the Constitution of Georgia and which by so doing, they violated as well.

110.  Plaintiff seeks relief in redress of this claim as compensation for Defendants' acts in violation of law.

### XIV.  In Summation of Claims made supporting this Action

111.  As has been presented, discussed and as the affiant witnesses avow, Defendants Cathelene "Tina" Robinson, Individually and as Clerk of Court, participating John and/or Jane Does 1 through 100 Individually and as Chief Deputy Clerk, Assistant Chief Deputy Clerk(s), and each person in the Office of Clerk that participated all officially employed by and on the payroll of Fulton County Office of the Clerk of Court, knowingly

      A.   Acted under color of state law while employed in their Office

      B.   In conspiracy and in unlawful acts which included

C.   Instructing subordinates and setting in motion resultant acts of impairment by them rejecting the filings presented by the Plaintiff doing so

D.   Repeatedly in demonstration and ratification of their intent and manifest will and at least twice showing intentional discrimination of the Plaintiff as a Class of One further in an arbitrary, irrational and vindictive manner unique to his circumstances and not in any rational way to the circumstances of others similarly situated

E.   Obstructing Plaintiff's access to the Fulton County Superior Court and its Office of Clerk of Court in the making of his application for Writ of Fieri Facias and thereby denying him the due process in access and the equal protection of law for enforcement and collection afforded similarly situated Creditors of Judgment and Secured Party Creditors to Judgment under the Constitutions of the United States and the State of Georgia,

F.   Which Defendants knew or reasonably should have known by their station in Office and their Oath of Office would cause Plaintiff the deprivation of these rights and

G.   Where these Clerks, one and all subordinate to Clerk of Superior Court Robinson, having the power to prevent or aid in preventing these acts and which with reasonable diligence could have prevented them, plainly neglected to do so.

112.   Plaintiff believes and claims that enumerated above in Complaint to be violations of law duly made and exacted singularly upon him by the Defendants. Plaintiff further believes and claims Defendants' acts in violation

of law were directed upon him in the nature of some twisted form of punishment.

> To punish a person because he has done what the law plainly allows him to do is a due process violation "of the most basic sort."
>
> *Bordenkircher v. Hayes,* 434 U. S. 357, 363.

## XV.  In Redress, Plaintiff prays for the following in Relief

**WHEREFORE**, Plaintiff requests that this Court:

1.    Grant Plaintiff's demand for Trial by Jury.

2.    Upon Judgment found for Plaintiff and against Defendants acting in their individual and/or official capacities, issue its judgment holding:

   a. Defendants' acts in deed were unconstitutional under the Fourteenth Amendment of the Constitution for the United States of America and in violation of 42 U.S.C. §§ 1983, 1985 & 1986.

   b. Defendants' acts in deed were unconstitutional under Article I, Section I of the 1983 Constitution of the State of Georgia.

   c. Defendants' acts in deed singled out Cox as a "Class of One" by their intentional and arbitrary discrimination in vindictive state action directed specifically against him which was irrational and different from others similarly situated.

   d. Defendants violated their Oath of Office to support the Constitution of the United States and the Constitution of Georgia.

   e. Such other declarations that are with-in the purview of this Court as the Court may determine and provide.

3.    Upon Judgment found for Plaintiff and against Defendants, award Plaintiff damages arising out of this 42 U.S.C. § 1983 action as follows:

    a.  Plaintiff seeks money damages under 28 U.S.C. § 1343(a).

    b.  For repeated and sustained violations of his civil rights by the Defendants one and all acting alone and together individually and officially in causing a great degree of emotional harm and mental anguish in injury and who did intentionally and negligently inflicted such severe distresses in injury upon Cox time and time again that they haunt him today and which will continue to haunt him in the future;

    c.  Compensatory damages are sought in the amount of $8,000,000.00 USD (Eight Million Dollars) representing compensation in the aggregate for the injuries described resulting from the eight claims made which affiant witnesses avow occurred on two separate occasions; and

    d.  Plaintiff seeks special money damages of $2,000,000.00 USD (Two Million Dollars) for financial loss based on the time value of money experienced in the continuing further delay of his Judgment collection and for the opportunity cost of new

investments lost that otherwise could have been made by his earlier collection of that due him; and

e.  Defendant Clerk of Court Robinson is a Constitutional Officer of Georgia.  Both she and her office staff of Defendant Clerks are bound to the highest standards of ethics and conduct.  They conspired and then repeatedly in conspiracy set in motion under color of state law the working mechanism of a vital organ of Fulton County's justice system demonstrating vindictive state action set against one man of color who was lawfully in pursuit of his own interests.  Defendants violated their Oath of Office to support the Constitutions of the United States and of Georgia.  Defendants acted with callous indifference and malicious disregard to the federal and state protected rights of Plaintiff and to their own sworn obligations under the Constitutions of the United States and of Georgia.  For these reasons, a more severe exemplary penalty is sought in relief of the injustices complained of here. Plaintiff also seeks such punitive money damages as the jury may knowingly provide and the Court deems just and appropriate as is concisely presented in summary by the following:

- 48 -

In 1989, the Court held that large punitive damages awards did not violate the EIGHTH AMENDMENT prohibition against the imposition of excessive fines (Browning-Ferris Industries of Vermont v. Kelco Disposal, 492 U.S. 257, 109 S. Ct. 2909, 106 L. Ed. 2d 219). Later, in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1, 111 S. Ct. 1032, 113 L. Ed. 2d 1 (1991), the Court held that unlimited jury discretion in awarding punitive damages is not "so inherently unfair" as to be unconstitutional under the DUE PROCESS CLAUSE of the FOURTEENTH AMENDMENT to the U.S. Constitution. And in TXO Production Corp. v. Alliance Resources Corp., 509 U.S. 443, 113 S. Ct. 2711, 125 L. Ed. 2d 366 (1993), the Court ruled that a punitive damages award that was 526 times the compensatory award did not violate due process.

Law Library – American Law and Legal Information (https://law.jrank.org) at https://law.jrank.org/pages/5949/Damages-Punitive-Damages.html

4.    Grant all other such relief as the Court may deem just and proper.

———————

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or,

if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: May 10, 2022
  At: 2107 N Decatur Road #161
      Decatur, Georgia 30033
      ph. (470) 350-5768
      e-mail: nooraerospace@gmail.com

Respectfully submitted,

Cox, Tommy Lee
Plaintiff

Philip Moore
5-10-2022



- 44 -

**Exhibit A.**

## CERTIFICATION OF RECORD COPY OF DOCUMENT CUSTODIAN

On this 18th day of May 2022  I,  _Sherry L. Loumakis_ , a Notary Public, avow and attest that before me appeared Cox, Tommy identified via government issued photo ID who did present to me the following eight (8) total pages of documents in his custody avowed to be genuine original instruments identified as the:

    A.  Affidavit of Mr. Carl Davis dated April 9, 2021 (2 pages); plus
    B.  Affidavit of Mr. James Mobley dated April 8, 2021 (2 pages); plus
    C.  Affidavit of Mr. Desmond Emanuel Hobson Jr. dated April 8, 2021 (2 pages); plus
    D.  Affidavit of Mr. Joseph Randolph Carter dated April 8, 2021(2 pages);

each accompanied by photocopy of the same which photocopies I observed and witnessed to be a right, factual, exact, true, accurate, correct, complete and unaltered copy of each original presented to me.

I attach this Certification of Record Copy to the photocopies I observed and witnessed.

By  _Sherry L. Loumakis_   on this  _May 18, 2022_

as Notary Public witness for the County of  _Dekalb_  Georgia.



Signed in my presence on this  _May 18, 2022_ , witness my hand in certification and verification of the foregoing.

_Jay L. Mobley_
Notary Public

My Commission expires on

NOTICE: The Certifying Notary is an independent contractor and not a party to this claim. In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I, CHAPTER 73, SEC. 1512, Tampering with a witness, victim, or an informant. The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law," which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws. Notary Acceptor is not an attorney licensed to practice law in Georgia and has not given legal advice or accepted fees for legal advice; has provided no assistance in the preparation of the above referenced documents; has no interest in any issue referenced therein; is NOT a party to this action and is ONLY acting in an authorized capacity



## Affidavit of Carl Davis

I Carl Davis, the "Affiant", being first duly sworn, state the following:

1. I reside at 150 10th Street Atlanta Georgia  30309

2. I am over the age of 21 and of sound mind with capacity to contract.

3. On March 31, 2021 I witnessed these events along with others.

   a. Mr. Cox ask me to join him as a witness to the filing of his Petition for Judicial Review.  I agreed to do so of my own accord.

   b. I accompanied Messrs. T. Cox, Joseph Randolph Carter, and Desmond Emanuel Hobson, Jr., also James Mobley to the Fulton County offices of Clerk of Court in Atlanta.  We are all acquaintances of Mr. Cox and of one another.

   c. At about 11:45 AM we approached the Clerk's filing window. I wished to present the filing for Mr. Cox so I asked, and Mr. Cox agreed.  Mr. Hobson, Mr. Joseph Randolph Carter and Mr. Mobley stood silently next to me at the window.

   d. The attending clerk received the document and proceeded to examine it.  After a few moments, she informed me that she must speak to her supervisor, got up and left the room with the Petition in hand.

   e. Upon her return some 10 minutes or so later, she informed me that the Clerk's office cannot accept any filing in the name of Mr. Cox.  Male supervisor came out said a Judge gave an Order that said Mr. Cox cannot file "Pro Se" without the Court's ok.  He did not show me the Order.

   f. I ask the clerk about "due process" and if this rejection is a denial of due process.  The clerk shrugged his shoulders saying little else.

   g. We left the building without further adieu.

   h. On our return drive, we agreed each of us must formally remember what we saw and heard.  We agreed that should be done in an affidavit.  We agreed we would help one another come up with a document stating the facts we could all agree on and swear to.


ExhiBiT
A-2

## Affidavit of Carl Davis

4. I do not act in any capacity other than witness in this matter.

5. I am competent to testify and state the matters set forth herein and am willing to so testify.

6. I make this statement for the record of my own free will in testament of facts above as known to me.

Further, affiant sayeth naught.

Carl Davis

## Jurat

State of Georgia      )
                      )
County of _____      )

Signed and sworn (or affirmed) to before me, the above Carl Davis identified via presentment of government issued photo ID personally appeared before me, avowed the above statements to be true and correct, and executed this document of his own free will act in deed.

Dated: April 9, 2021

Notary Public Signature      My Commission Expires

Page 2 of 2.

EXHIBIT
A-3

## Affidavit of James Mobley

I James Mobley, the "Affiant", being first duly sworn, state the following:

1. I reside at 1835 E. Park Place Blvd. Suite 104 Stone Mountain, Ga. 30087.

2. I am over the age of 21 and of sound mind with capacity to contract.

3. On March 31, 2021 I witnessed these events along with others.

   a. Mr. Cox ask me to join him as a witness to the filing of his Petition for Judicial Review. I agreed to do so of my own accord.

   b. I accompanied Messrs. T. Cox, Mr. Carl Davis, and Desmond Emanuel Hobson, Joseph Randolph Carter also to the Fulton County offices of Clerk of Court in Atlanta. We are all acquaintances of Mr. Cox and of one another.

   c. At about 11:45 AM we approached the Clerk's filing window. Mr. Davis wished to present the filing for Mr. Cox and Mr. Cox so agreed. Mr. Hobson and Joseph Randolph Carter and I stood silently next to Mr. Davis at the window.

   d. The attending clerk received the document and proceeded to examine it. After a few moments, she informed Mr. Davis that she must speak to her supervisor, got up and left the room with the Petition in hand.

   e. Upon her return some 10 minutes or so later, she informed Mr. Davis that the Clerk's office cannot accept any filing in the name of Mr. Cox. Male supervisor came out said a Judge gave an Order that said Mr. Cox cannot file "Pro Se" without the Court's ok. He did not show Mr. Davis the Order.

   f. Mr. Davis ask the clerk about "due process" and if this rejection is a denial of due process. The clerk shrugged his shoulders saying little else.

   g. We left the building without further adieu.

   h. On our return drive, we agreed each of us must formally remember what we saw and heard. We agreed that should be done in an affidavit. We agreed we would help one another come up with a document the facts we could all agree on and swear to.

EXHIBIT
A—4

## Affidavit of James Mobley

4. I do not act in any capacity other than witness in this matter.

5. I am competent to testify and state the matters set forth herein and am willing to so testify.

6. I make this statement for the record of my own free will in testament of facts above as known to me.

Further, affiant sayeth naught.

_____
James Mobley

## Jurat

State of Georgia          )
                          )
County of Gwinnett        )

Signed and sworn (or affirmed) to before me, the above James Mobley identified via presentment of government issued photo ID personally appeared before me, avowed the above statements to be true and correct, and executed this document of his own free will act in deed.

Dated: April 8, 2021

_____          5/16/2024
Notary Public Signature          My Commission Expires



Page 2 of 2.

EXHIBIT
A—5

## Affidavit of Desmond Emanuel Hobson Jr.

I Desmond Emanuel Hobson Jr., the "Affiant", being first duly sworn, state the following:

1. I reside at 5174 Mcginnis Ferry Road Alpharett, Georgia 30005

2. I am over the age of 21 and of sound mind with capacity to contract.

3. On March 31, 2021 I witnessed these events along with others.

   a. Mr. Cox ask me to join him as a witness to the filing of his Petition for Judicial Review. I agreed to do so of my own accord.

   b. I accompanied Messrs. T. Cox, Mr. Carl Davis, and Joseph Randolph Carter, also James Mobley to the Fulton County offices of Clerk of Court in Atlanta. We are all acquaintances of Mr. Cox and of one another.

   c. At about 11:45 AM we approached the Clerk's filing window. Mr. Davis wished to present the filing for Mr. Cox and Mr. Cox so agreed. Joseph Randolph Carter, James Mobley and I stood silently next to Mr. Davis at the window.

   d. The attending clerk received the document and proceeded to examine it. After a few moments, she informed Mr. Davis that she must speak to her supervisor, got up and left the room with the Petition in hand.

   e. Upon her return some 10 minutes or so later, she informed Mr. Davis that the Clerk's office cannot accept any filing in the name of Mr. Cox. Male supervisor came out said a Judge gave an Order that said Mr. Cox cannot file "Pro Se" without the Court's ok. Male supervisor did not show Mr. Davis the Order.

   f. Mr. Davis ask the clerk about "due process" and if this rejection is a denial of due process. The clerk shrugged his shoulders saying little else.

   g. We left the building without further adieu.

   h. On our return drive, we agreed each of us must formally remember what we saw and heard. We agreed that should be done in an affidavit. We agreed we would help one another come up with a document the facts we could all agree on and swear to.

EXHIBIT
A-6

## Affidavit of Desmond Emanuel Hobson Jr.

4. I do not act in any capacity other than witness in this matter.

5. I am competent to testify and state the matters set forth herein and am willing to so testify.

6. I make this statement for the record of my own free will in testament of facts above as known to me.

Further, affiant sayeth naught.

Desmond Emanuel Hobson Jr.

## Jurat

State of Georgia )
)
County of  Cobb  )

Signed and sworn (or affirmed) to before me, the above Desmond Emanuel Hobson Jr. identified via presentment of government issued photo ID personally appeared before me, avowed the above statements to be true and correct, and executed this document of his own free will act in deed.

Dated: April 8, 2021

_____          4/12/2024
Notary Public Signature          My Commission Expires



Page 2 of 2.

Exhibit
A—7

## Affidavit of Joseph Randolph Carter

I Joseph Randolph Carter, the "Affiant", being first duly sworn, state the following:

1. I reside at 6981 Flagstone Drive, Austell Georgia 30168-6846

2. I am over the age of 21 and of sound mind with capacity to contract.

3. On March 31, 2021 I witnessed these events along with others.

   a. Mr. Cox ask me to join him as a witness to the filing of his Petition for Judicial Review. I agreed to do so of my own accord.

   b. I accompanied Messrs. T. Cox, Mr. Carl Davis, and Desmond Emanuel Hobson, also James Mobley to the Fulton County offices of Clerk of Court in Atlanta. We are all acquaintances of Mr. Cox and of one another.

   c. At about 11:45 AM we approached the Clerk's filing window. Mr. Davis wished to present the filing for Mr. Cox and Mr. Cox so agreed. Mr. Hobson, James Mobley and I stood silently next to Mr. Davis at the window.

   d. The attending clerk received the document and proceeded to examine it. After a few moments, she informed Mr. Davis that she must speak to her supervisor, got up and left the room with the Petition in hand.

   e. Upon her return some 10 minutes or so later, she informed Mr. Davis that the Clerk's office cannot accept any filing in the name of Mr. Cox. Male supervisor came out said a Judge gave an Order that said Mr. Cox cannot file "Pro Se" without the Court's ok. He did not show Mr. Davis the Order.

   f. Mr. Davis ask the clerk about "due process" and if this rejection is a denial of due process. The clerk shrugged his shoulders saying little else.

   g. We left the building without further adieu.

   h. On our return drive, we agreed each of us must formally remember what we saw and heard. We agreed that should be done in an affidavit. We agreed we would help one another come up with a document the facts we could all agree on and swear to.

EXHIBIT
A - 8

### Affidavit of Joseph Randolph Carter

4. I do not act in any capacity other than witness in this matter.

5. I am competent to testify and state the matters set forth herein and am willing to so testify.

6. I make this statement for the record of my own free will in testament of facts above as known to me.

Further, affiant sayeth naught.

Joseph Randolph Carter

### Jurat

State of Georgia    )
                )
County of _Cobb_  )

Signed and sworn (or affirmed) to before me, the above Joseph Randolph Carter identified via presentment of government issued photo ID personally appeared before me, avowed the above statements to be true and correct, and executed this document of his own free will act in deed.

Dated: April 8, 2021

_____    4/12/2024
Notary Public Signature      My Commission Expires



Page 2 of 2.

EXHIBIT
A—9

**Exhibit B.**

## CERTIFICATION OF RECORD BY DOCUMENT CUSTODIAN

On this 18ᵗʰ day of May 2022 I, _Sherry L. Loumakis_, a Notary Public, avow and attest that before me appeared Cox, Tommy identified via government issued photo ID who did present to me the following eight (8) total pages of documents in his custody avowed to be genuine original instruments identified as the:

    A.  AFFIDAVIT OF ONE MR. JOHN SOLES DATED JUNE 23, 2021 (2 pages); plus

    B.  Affidavit of one Mr. David Paul Crawford dated June 23, 2021 (2 pages); plus

    C.  Affidavit of one Mr. Desmond Emanuel Hobson Jr. dated June 23, 2021 (2 pages); plus

    D.  Affidavit of one Mr. Joseph Randolph Carter dated June 23, 2021(2 pages); plus

each accompanied by photocopy of the same which photocopies I observed and witnessed to be a right, factual, exact, true, accurate, correct, complete and unaltered copy of each original presented to me.

I attach this Certification of Record Copy to the photocopies I observed and witnessed.

By _Sherry L. Loumakis_ on this _May 18, 2022_

_Sherry L. Loumakis_

as Notary Public witness for the County of _Dekalb_ Georgia

Signed in my presence on this _May 18, 2022_, witness my hand in certification and verification of the foregoing.

_____
Notary Public

My Commission expires on

NOTICE: The Certifying Notary is an independent contractor and not a party to this claim. In fact the Certifying Notary is a Federal Witness Pursuant to TITLE 18, PART I, CHAPTER 73, SEC. 1512. Tampering with a witness, victim, or an informant. The Certifying Notary also performs the functions of a quasi-Postal Inspector under the Homeland Security Act by being compelled to report any violations of the U.S. Postal regulations as an Officer of the Executive Department. Intimidating a Notary Public under Color of Law is a violation of Title 18, U.S. Code, Section 242, titled "Deprivation of Rights Under Color of Law," which primarily governs police misconduct investigations. This Statute makes it a crime for any person acting under the Color of Law to willfully deprive any individual residing in the United States and/or United States of America those rights protected by the Constitution and U.S. laws. Notary Acceptor is not an attorney licensed to practice law in Georgia and has not given legal advice or accepted fees for legal advice; has provided no assistance in the preparation of the above referenced documents; has no interest in any issue referenced therein; is NOT a party to this action and is ONLY acting in an authorized capacity

EXHIBIT
B—1

## Affidavit of Joseph Randolph Carter

I Joseph Randolph Carter, the "Affiant", being first duly sworn, state the following:

1. I reside at 6981 Flagstone Drive, Austell Georgia 30168

2. I am over the age of 21 and of sound mind with capacity to contract.

3. On June 23, 2021 I witnessed these events along with others.

   a. Mr. Cox ask me to join him as a witness to the filing of his Fi Fa Writ request and Petition for Judicial Review. I agreed to do so of my own accord.

   b. I accompanied Messrs. T. Cox, David Paul Crawford, Desmond Emanuel Hobson, and John Soles to the Fulton County offices of Clerk of Court in Atlanta. We are all acquaintances of Mr. Cox and of one another.

   c. At about 11:45 AM we approached the Clerk's filing window. Mr. Cox said he wished to present a Writ and petition for filing Messrs. Crawford, Hobson, Soles and I stood silently next to Mr. Cox at the window.

   d. The attending clerk received the document and proceeded to examine it. After a few moments we were informed by the clerk that Mr. Cox had to go to the Magistrate Court clerk downstairs for filing. Mr. Cox and the Clerk Exchanged words where Mr. Cox said he did not believe this was a Magistrate Court matter and the Clerk just mumbled.

   e. We all went downstairs and to the Magistrate Clerk of Court window where a male clerk looked at the filing and informed Mr. Cox that the Magistrate Clerk of Court could not accept the filing. He indicated the filings were not on the forms or in the style of Magistrate Court and in an amount greater the $1.500.00 Mr. Cox informed the Clerk that he knew such was the case and that the matter already had an open docketing number upstairs. The Clerk agreed Mr. Cox should return upstairs.

   f. We left the building without further adieu.

   g. On our return drive, we agreed each of us must formally remember what we saw and heard. We agreed that should be done in an affidavit. We agreed we would help one another come up with a document the facts we could all agree on and swear to.

EXHIBIT
B — 2

## Affidavit of Joseph Randolph Carter

4. I do not act in any capacity other than witness in this matter.

5. I am competent to testify and state the matters set forth herein and am willing to so testify.

6. I make this statement for the record of my own free will in testament of facts above as known to me.

Further, affiant sayeth naught.

_Joseph Randolph Carter_
Joseph Randolph Carter

## Jurat

State of Georgia         )
                         )
County of _Cobb_         )

Signed and sworn (or affirmed) to before me, the above Joseph Randolph Carter identified via presentment of government issued photo ID personally appeared before me, avowed the above statements to be true and correct, and executed this document of his own free will act in deed.

Dated: _6-23_____, 2021

_Vensuella King-Hurst_

Venesulla King Hurst
NOTARY PUBLIC
Fulton County, GEORGIA
My Comm. Expires 10/17/2021

Notary Public Signature        My Commission Expires

Page 2 of 2.

EXHIBIT
B—3

## Affidavit of Desmond Emanuel Hobson Jr.

I Desmond Emanuel Hobson Jr., the "Affiant", being first duly sworn, now state:

1. I reside at 5174 Mcginnis Ferry Road Alpharett, Georgia 30005

2. I am over the age of 21 and of sound mind with capacity to contract.

3. On June 23, 2021 I witnessed these events along with others.

   a. Mr. Cox ask me to join him as a witness to the filing of his request for Writ of Fi Fa and Petition for Judicial Review. I agreed to do so of my own accord.

   b. I accompanied Messrs. T. Cox, David Paul Crawford, Joseph Randolph Carter, and Mr. Soles to the Fulton County offices of Clerk of Court in Atlanta. We are all acquaintances of Mr. Cox and of one another.

   c. At about 11:40 AM we approached the Clerk's filing window. Mr. Cox said he wished to present a writ and petition for filing. Messrs. Crawford, Carter, Soles, and I stood silently next to Mr. Cox at the window.

   d. The attending clerk received the documents and proceeded to examine them. After a few moments we were informed by the clerk that Mr. Cox had to go to the Magistrate Court Clerk downstairs for filing. Mr. Cox and the Clerk exchanged words where Mr. Cox said he did not believe this was a Magistrate Court matter and the Clerk just mumbled.

   e. We all went downstairs and to the Magistrate Clerk of Court window where a male clerk looked at the filing and informed Mr. Cox that the Magistrate Clerk of Court could not accept the filing. He indicated the filings were not on the forms or in the style of Magistrate Court and in an amount greater than $1.500.00. Mr. Cox informed the Clerk that he knew such was the case and that the matter already had an open docketing number upstairs. The Clerk agreed Mr. Cox should return upstairs.

   f. We left the building without further adieu.

   g. On our return drive, we agreed each of us must formally remember what we saw and heard. We agreed that should be done in an affidavit. We agreed we would help one another come up with a document the facts we could all agree on and swear to.

EXHIBIT
B-4

### Affidavit of Desmond Emanuel Hobson Jr.

4. I do not act in any capacity other than witness in this matter.

5. I am competent to testify and state the matters set forth herein and am willing to so testify.

6. I make this statement for the record of my own free will in testament of facts above as known to me.

Further, affiant sayeth naught.

_Hobson, Desmond E. :A.R.R._

Desmond Emanuel Hobson Jr.

### Jurat

State of Georgia          )
                          )
County of _Fulton_        )

Signed and sworn (or affirmed) to before me, the above Desmond Emanuel Hobson Jr. identified via presentment of government issued photo ID personally appeared before me, avowed the above statements to be true and correct, and executed this document of his own free will act in deed.

Dated: _June 23, 2021_, 2021

_Venesulia King Hurst_

Venesulia King Hurst
NOTARY PUBLIC
Fulton County, GEORGIA
My Comm. Expires 10/17/2021

Notary Public Signature          My Commission Expires

Page 2 of 2.

EXHIBIT
B-5

## Affidavit of David Paul Crawford

I David Paul Crawford, the "Affiant", being first duly sworn, state the following:

1. I reside at 3645 Marketplace Blvd. Ste. 130-240 Atlanta Georgia  30344

2. I am over the age of 21 and of sound mind with capacity to contract.

3. On June 23, 2021 I witnessed these events along with others.

    a. Mr. Cox ask me to join him as a witness to the filing of his request for Writ of Fi Fa and Petition for Judicial Review.  I agreed to do so of my own accord.

    b. I accompanied Messrs. T. Cox, Joseph Randolph Carter, Desmond Emanuel Hobson, Jr., and John Soles to the Fulton County offices of Clerk of Court in Atlanta.  We are all acquaintances of Mr. Cox and of one another.

    c. At about 11:45 AM we approached the Clerk's filing window. Mr. Cox said he wished to present a writ and petition for filing.  Messrs. Carter, Hobson, Soles and I stood silently next to Mr. Cox at the window.

    d. The attending clerk received the documents and proceeded to examine them. After a few moments we were informed by the clerk that Mr. Cox had to go to the Magistrate Court Clerk downstairs for filing.  Mr. Cox and the Clerk exchanged words where Mr. Cox said he did not believe this was a Magistrate Court matter and the Clerk just mumbled.

    e. We all went downstairs and to the Magistrate Clerk of Court window where a male clerk looked at the filings and informed Mr. Cox that the Magistrate Clerk of Court could not accept the filing.  He indicated the filings were not on the forms or in the style of Magistrate Court and in an amount greater than $1,500.00  Mr. Cox informed the Clerk that he knew such was the case and that the matter already had an open docketing number upstairs.  The Clerk agreed  Mr. Cox should return upstairs.

    f. We left the building without further adieu.

    g. On our return drive, we agreed each of us must formally remember what we saw and heard.  We agreed that should be done in an affidavit.  We agreed we would help one another come up with a document stating the facts we could all agree on and swear to.

**EXHIBIT**
**B—6**

**Affidavit of David Paul Crawford**

4. I do not act in any capacity other than witness in this matter.

5. I am competent to testify and state the matters set forth herein and am willing to so testify.

6. I make this statement for the record of my own free will in testament of facts above as known to me.

Further, affiant sayeth naught.

David Paul Crawford

**Jurat**

State of Georgia        )
                        )
County of  _Fulton_  )

Signed and sworn (or affirmed) to before me, the above David Paul Crawford identified via presentment of government issued photo ID personally appeared before me, avowed the above statements to be true and correct, and executed this document of his own free will act in deed.

Dated:  _June 23_ , 2021

Notary Public Signature        My Commission Expires

Venesulia King Hurst
NOTARY PUBLIC
Fulton County, GEORGIA
My Comm. Expires 10/17/202

Page 2 of 2.

EXHIBIT
B — 7

## Affidavit of John Soles

I John Soles, the "Affiant", being first duly sworn, state the following:

1. I reside at 120 Longview Road Fayetteville Georgia 30214

2. I am over the age of 21 and of sound mind with capacity to contract.

3. On June 23, 2021 I witnessed these events along with others.

   a. Mr. Cox ask me to join him as a witness to the filing of his request for Writ of Fi Fa and Petition for Judicial Review. I agreed to do so of my own accord.

   b. I accompanied Messrs. T. Cox, David Paul Crawford, Joseph Randolph Carter, Desmond Emanuel Hobson, Jr. to the Fulton County offices of Clerk of Court in Atlanta. We are all acquaintances of Mr. Cox and of one another.

   c. At about 11:40 AM we approached the Clerk's filing window. Mr. Cox said he wished to present a writ and petition for filing. Messrs. Crawford, Carter, Hobson, and I stood silently next to Mr. Cox at the window.

   d. The attending clerk received the documents and proceeded to examine them. After a few moments we were informed by the clerk that Mr. Cox had to go to the Magistrate Court Clerk downstairs for filing. Mr. Cox and the Clerk exchanged words where Mr. Cox said he did not believe this was a Magistrate Court matter and the Clerk just mumbled.

   e. We all went downstairs and to the Magistrate Clerk of Court window where a male clerk looked at the filing and informed Mr. Cox that the Magistrate Clerk of Court could not accept the filing. He indicated the filings were not on the forms or in the style of Magistrate Court and in an amount greater than $1.500.00. Mr. Cox informed the Clerk that he knew such was the case and that the matter already had an open docketing number upstairs. The Clerk agreed Mr. Cox should return upstairs.

   f. We left the building without further adieu.

   g. On our return drive, we agreed each of us must formally remember what we saw and heard. We agreed that should be done in an affidavit. We agreed we would help one another come up with a document stating the facts we could all agree on and swear to.


EXHIBIT
B — 8

## Affidavit of John Soles

4. I do not act in any capacity other than witness in this matter.

5. I am competent to testify and state the matters set forth herein and am willing to so testify.

6. I make this statement for the record of my own free will in testament of facts above as known to me.

Further, affiant sayeth naught.

_____
John Soles

## Jurat

State of Georgia        )
                        )
County of Fayette       )

Signed and sworn (or affirmed) to before me, the above John Soles identified via presentment of government issued photo ID personally appeared before me, avowed the above statements to be true and correct, and executed this document of his own free will act in deed.

Dated: 23 June , 2021

_____        _____
Notary Public Signature                My Commission Expires

> Venesulia King Hurst
> NOTARY PUBLIC
> Fulton County, GEORGIA
> My Comm. Expires 10/17/2021

Page 2 of 2.

EXHIBIT
B — 9